JOHN H. BONER *v.* HENDERSON ADAMS, Auditor of the State of North Carolina, and DAVID A. JENKINS, Treasurer of the State of North Carolina.

The Auditor of the State is not a mere ministerial officer. When a claim is presented to him against the State, he is to decide whether there is a sufficient provision of law for its payment, and if in his opinion there is not sufficient provision of law, he must examine the claim and report the fact, with his *opinion*, to the General Assembly.

*Therefore*, where a Clerk of the General Assembly had received a warrant for the entire number of days to which he was entitled, at seven dollars per day, he had no right to a *writ of mandamus* against the Auditor of the State because he refused to give him a warrant for three dollars per day additional for the same number of days for which he had heretofore obtained a warrant.

The mode of proceeding against the Auditor of the State, who refuses to issue a warrant, discussed and explained.

It is improper to join the Treasurer of the State with the Auditor in an application for a *writ of mandamus*, when the plaintiff has obtained no warrant from the Auditor of the State.

Application for a peremptory writ of mandamus heard before *Watts, J.*, at Chambers.

The plaintiff alleged in his complaint that he was Clerk of the House of Representatives of North Carolina from the first day of July, 1868, to the organization of the General Assembly, which was elected on the first Thursday in August, A. D. 1870.

That for services rendered the State as Clerk, aforesaid, for the time mentioned in the preceding allegation, he is entitled to ten dollars per day, for three hundred and four days, less seven dollars per day, that he has received. That said additional sum is due him, under and by virtue of an act of the General Assembly, ratified the 26th day of November A. D. 1869, entitled "An Act in relation to per diem and mileage."

That he has demanded of the defendant, Henderson Adams, Auditor of the State of North Carolina, a warrant for nine hundred and twelve dollars, the amount plaintiff is entitled to under the aforesaid act, and that the Auditor has refused to issue a warrant for said sum, and that in consequence thereof the defendant, David A. Jenkins, who is the Treasurer of the State, has refused to pay said sum. Wherefore, plaintiff asks for the *writ of mandamus,* commanding the defendant, as Auditor aforesaid, to issue his warrant to plaintiff for the sum of nine hundred and four dollars, and the defendant, Jenkins, as Treasurer of the State, to pay said claim upon presentation of a warrant from the Auditor for that amount.

1. The defendants, in their answer, deny that said sum or any part thereof is due plaintiff.

2. That the Judge, at Chambers, has no jurisdiction over the subject matter, and cannot issue a peremptory *writ of mandamus,* as prayed.

3. That the State cannot thus be sued for the recovery of a debt.

4. That the affidavit or complaint does not pray judgment for the debt, nor that the same may be audited, or ascertained according to law.

His Honor being of opinion that the plaintiff was entitled to the process prayed for, ordered that a *writ of mandamus*

BONER *v.* ADAMS, AUDITOR, AND JENKINS, TREASURER.

issue to the defendant, Adams, as Auditor of the State, com-, manding him to issue a warrant for nine hundred and four dollars, and commanding the defendant Jenkins, Treasurer as aforesaid, to pay said claim upon presentation of the warrant of the Auditor.

From which the defendants appealed.

*Fowle* and *J. C. L. Harris*, for plaintiff.
*Attorney General* and *Battle & Sons*, for defendants.

1. There is here an improper joinder of parties.

The Treasurer must pay only upon the warrant of the Auditor. Acts of 1868–'69, ch. 270, p. 631.

2. This claim is immediately against the State, and a State cannot be sued.

3. The Constitution and laws provide the remedy for prosecution of such claims. Art. IV. sec. 11, C. C. P. secs. 415 and 416.

4. The act of 1869–'70 is prospective upon its face. (Chap. 1, p. 41.)

5. No appropriation act as to the Clerks. See Const. Art. XIV. Sec. 3.

6. Mandamus not a prerogative writ, but is now only an ordinary action at law. *Kentucky* v. *Dennison*, 24 Howard, 66. See also Tapping on Mandamus, 7–8.

7. Mandamus will not lie against a public officer where discretion and judgment are to be exercised, and can only be granted where the act is merely ministerial, and when there is *no other adequate legal remedy.* *United States* v. *Seaman,* 17 How. 225 ; *U. S.* v. *Guthrie, Ibid,* 284 ; *The Secretary* v. *Mc-Garvashaw* 9 *Wal.* 298 ; *Brashear* v. *Mason,* 6 *How.* 102, where it is held that *mandamus* will not lie against head of department to compel performance of his ordinary duties. *Reeside* v. *Walker,* How. 290.

19

8. Forms and practice in mandamus. *Eaton's Forms* 416, at Eq., cases cited on page 489.

9. Distinction between this case and that of *Lutterloh v. Commissioners of Cumberland*, at this term. There was a *judgment unsatisfied in an action pending* in that case. Here none.

READE, J. The Treasurer, Jenkins, can pay no money out of the treasury, except on the warrant of the Auditor. Acts 1868–'69, ch. 270, sec. 71.

The plaintiff admits that he had no warrant from the Auditor; and so, according to the plaintiff's own showing, he can have no process against the Treasurer. And, therefore, the case must be dismissed as to him with costs.

The Auditor is an officer, named in the Constitution, "with duties to be prescribed by law." Art. III, secs. 1 and 13.

The Act of 1868–'69, ch. 27, prescribes his duties.

Sec. 63, paragraph 1, " To superintend the fiscal concerns of the State."

7. " To examine and liquidate the claims of all persons against the State in cases where there is sufficient provision of law for the payment thereof, and where there is no sufficient provision to examine the claim and report the fact, with his opinion thereon, to the General Assembly."

9. " To draw warrants on the Treasurer for the payment of all moneys directed by law to be paid out of the treasury, but no warrant shall be drawn unless authorized by law, and every warrant shall refer to the law under which it is drawn."

Sec. 65. " He has power to require any person presenting an account for settlement to be sworn before him, and to answer orally any fact relating to its correctness."

It is apparent that the Auditor is not a mere ministerial officer.

1. He is to pass upon the " correctness " of the claim. This is not a ministerial duty.

2. He is to judge whether there is "sufficient provision of law for its payment." This is not ministerial.

3. If there is not sufficient provision of law, then he is to "examine the claim, and report the fact with his *opinion*, to the General Assembly." This is not ministerial. The plaintiff has a claim against the State for services as Clerk of the General Assembly. He says, a part of his claim has been paid and a part is still due. The Auditor's first duty was to pass upon "its correctness." He has done that, and says it is not correct.

It seems that the plaintiff had already presented his claim for the whole time of his services, three hundred and four days, and the same had been allowed and paid. A second claim, not for other services or other times, but for the same services and times, was well calculated to excite the caution of the Auditor, who is charged with the " superintendence of the fiscal concerns of the State " generally, and of every particular claim against the State.

When this second claim was presented, we are to suppose that the Auditor enquired, "Why did you present a claim for the whole time at $7 per day, as the sum to which you supposed yourself entitled ? and why do you present a different account now, for the same time and services at $10 per day ? Is there no ground for supposing that the Legislature was thrown off its guard in passing the act, under which you claim, (which is a *quasi* private act) or that it does not mean what you suppose it does ? " Unless you make all this plain to me, I must hold you as estopped by the settlement, which we have heretofore made."

The most this Court could do, would be to order the Auditor to examine the claim and to allow it, if he thought it "correct;" and in that event to issue his warrant for it, if, in his opinion, there is "sufficient provision of law for its payment." And if he were to allow the claim as "correct," and determine that

there is not "sufficient provision of law for its payment," and were to refuse to report the fact, with his opinion, to the Legislature, we might compel him to do so. But he has audited the claim, and finds it "incorrect." We have no power to to compel him to change his opinion. Nor can we pass upon the merits of the claim.

If the claim were before us, upon *ascertained facts*, we might, under art. IV. sec. 11. of the Constitution, declare the law and recommend it to the Legislature.

It seems to us that the plaintiff's remedy, if he has one, is an application to the Legislature, which through its appropriate committee, can pass upon the claim, and if found to be just, can, by appropriate legislation, make the duty of the Auditor plain.

It is not to be supposed that the Auditor has any other than an honest purpose to do his duty, or that the Legislature will fail to see that the just claims of its Clerk shall be paid.

There is error.

PER CURIAM.        Order reversed and mandamus refused.