L. P. BAYNE & CO. *vs.* DAVID A. JENKINS, Treasurer.

1. Mandamus will not lie to compel the Treasurer to pay money on any claim against the State, until the same has been passed upon and a warrant issued by the Auditor for that purpose.

2. When the Legislature has forbidden a warrant to be issued, the claimant must apply to that body for redress, or institute proceedings in the Supreme Court.

*Boner* v. *Adams and Jenkins,* 65 N. C., 639, cited and approved.

This was an application for a writ of mandamus against the treasurer of the State to compel him to pay certain *coupons* on bonds which had theretofore been issued by the State. It is not thought necessary to state the facts more fully, as the case is decided upon the power of the Court to issue a mandamus against the Treasurer, under the state of facts set forth in

the opinion of the Court. The application for the writ of mandamus, was made before His Honor, Judge Watts, at Chambers, February 16th, 1870. His Honor declined to issue the writ, and the plaintiffs appealed to the Supreme Court.

*Batchelor* for plaintiffs.

*K. P. Battle* for the Treasurer.

1. The action should be against the Auditor. Past due coupons are a claim against the State, and cannot be paid regularly without a warrant from him. Laws of 1868–'69, chap. 270, secs. 63 & 71.

2. The action will not lie, because there is no appropriation Act. The Act authorizing payment of plaintiff's coupons is repealed. Act of 1869–'70, ch. 71.

3. Mandamus does not lie against the Auditor, to compel him to audit a claim, or against the Treausurer to pay it. *Cotton* v. *Ellis,* 7 Jones 545, is certainly contrary to many cases decided by the Supeme Court of the United States. See *U. S.* v. *Guthrie,* 17 Howard, 284. *U. S.* v. *Seaman,* 21 Curtis' edition U. S. Reports, 470. *Decatur* v. *Paulding,* 14 Peters, 497. *U. S.* v. *Commissioner,* 5 Wallace, 563.

These cases show that mandamus will lie against one of the heads of the Executive Departments, only where his duty is simply clerical. Where his discretion is to be exercised in any respect, the action cannot be maintained, nor can he be compelled by mandamus to do anything in the line of his official duties. See *Att'y Gen.* v. *Justices of Guilford,* 5 Ired., 315, *State* v. *Bonner,* Busbee, 257.

If each Superior Court in the State could order the Treasurer to pay out moneys or command the Auditor to issue warrants, the fiscal concerns of the State could not be regularly or intelligently conducted. All claimants could *in effect sue a sovereign State* by resorting to *mandamus* against the officers in charge of her funds.

The remedy of claimants, in case of *corrupt refusal* by the Auditor or Treasurer is pointed out in *Attorney General* v. *Justices of Guilford.* He may be impeached or indicted, or resort may be had to the Legislature.

4th. The Constitution of the State (Art. IV. Sec. 11) gives the Supreme Court original jurisdiction to hear claims against the State, its decisions to be merely recommendatory. This is a clear exclusion of the right to resort to the Superior Court by *mandamus.*

5th. As the money raised by the special tax for the Western R. R. Co., is not nearly sufficient to pay all the coupons, it is submitted that the plaintiffs are entitled in no Court to more than their rateable share.

6th. The appropriation to this Company is unconstitutional because by the act the route is materially changed from what it was at the adoption of the Constitution. *Galloway* v. *Jenkins*, 63, N. C. Rep. p. 147. Besides other variations, one section of the act authorizes a branch road to be built to connect Fayetteville with the Wilmington, Charlotte and Rutherford Railroad. The petitioner does not allege that the bonds issued were not to be used for this purpose.

READE, J. The case of *Boner* y. *Adams* and *Jenkins,* 65 N. C. 639, is decisive of this case.

It is there said, "The Treasurer, Jenkins, can pay no money out of the Treasury except on the warrant of the Auditor. *Acts of* 1868–'69, *chap.* 270, *sec.* 71.

In this case there is not only no warrant from the Auditor, but it is stated in the complaint that the Legislature has forbid the Treasurer to pay the plaintiff. And the Auditor in his warrant upon the Treasury in any case must recite the law under which it was issued, and as the Legislature has expressly forbid a warrant or the payment of money in this case the Auditor could not issue a warrant. It would seem that even if the Auditor had been embraced by the plaintiff's demand

the result must have been the same. If .the plaintiff have a ᴸ claim as alleged; it seems that his remedy is, an application to · the Legislature or a suit originated in this Court.

There is no error.

Per Curiam.                          Judgment affirmed. .