ARTHUR M. ALGER & others *vs.* JAMES E. SEAVER.

Bristol. Oct. 29, 1884. — Jan. 9, 1885. C. ALLEN & COLBURN, JJ., absent.

Mandamus does not lie to compel the marshal of a city to station a police officer at a certain place, in accordance with an order passed by the board of aldermen.

PETITION, by members of the board of aldermen of the city of Taunton, for a writ of mandamus, to compel the marshal of said city to station a police officer at East Taunton, in accordance

with the requirements of an order passed by said board. Hearing before *Field*, J., who reported the case for the determination of the full court. The facts appear in the opinion.

*C. R. Train & A. M. Alger*, for the petitioners.

*C. A. Reed*, for the respondent.

DEVENS, J. If we assume, without discussing, the position of the petitioners, that the order upon which the petition is founded is valid, and that they may maintain, without the intervention of the Attorney General, upon a proper case made and against a proper party, a petition for a writ of mandamus, we are of opinion that the writ should not issue.

The controversy as to whether a police officer shall be stationed at East Taunton, which has been deemed to be of sufficient importance to be brought before us by an application for this high prerogative writ, is one between the mayor and the aldermen of Taunton, the mayor having refused to recognize the order passed by the board, to transmit it, or to cause it to be executed. Even if, by provision of § 9 of the city charter, (St. 1882, c. 211,) "the executive power of said city generally, and the administration of the police," are "vested in and exercised by the mayor and aldermen of said city," and if the mayor and aldermen be deemed but a single board, the mayor is still, by § 2, the chief executive officer of the city, who is to cause its laws and regulations to be enforced, to supervise all subordinate officers, and to cause their neglects of duty to be punished. There is no reason to suppose that the respondent, who is an inferior officer subjected to the supervision of the mayor in the performance of his duties, is not entirely ready to comply with the direction of the board, if the mayor assents thereto. The contrary clearly appears.

It is certainly a serious objection to this petition that it seeks to deal with a subordinate officer. *Rex* v. *Jeyes*, 3 A. & E. 416. *Rex* v. *Payn*, 6 A. & E. 392. As applications for the writ of mandamus are addressed to the sound judicial discretion of the court, the circumstances of each case must be considered in determining whether the writ shall issue. *Attorney General* v. *Boston*, 123 Mass. 460. It certainly should not, unless the court can be satisfied that injury will or may result if it is not issued, and unless also it is competent so to control and direct the

execution of its order that the difficulty which exists or is apprehended may be remedied. The court has no means of determining whether the execution of this order will not be attended with more injury than benefit; of ascertaining what force has been entrusted to the marshal; of considering the various demands upon such force, by reason of former orders or assignments; and of deciding whether the marshal has the capacity to execute the order. Nor can the court, by this process, undertake to enforce orders as to particular and individual matters which may be issued to police officers of a city, or thus to compel them, if refractory, to the performance of their duties.

Provision is made by § 9 of the city charter for a· prompt removal at pleasure of these officers. It is an appropriate and efficient remedy. It is much more effective in enforcing discipline than the mandates of a court, and not attended with the same embarrassment and difficulty. Even if, in order to effect this, a concurrence is necessary between the mayor and the aldermen, *Murphy* v. *Webster*, 131 Mass. 482, and if, from the position taken by the mayor in regard to an order passed by the board of aldermen, it is probable he will not concur, it is still the remedy which the law has provided for such neglects of duty. It would be less embarrassing that it should fail in a single instance, by reason of a difference between two bodies to whom the power of removal is entrusted, than that the court should undertake by mandamus to enforce the orders issued to the police force of a city.               *Petition dismissed.*