Shauck, J.
A consideration of the question raised by the demurrer is first in order. It is conceded that there is no precedent in this state for awarding a writ of mandamus in such a case. Looking to the purposes sought to be accomplished, to the position of the relator, and to the provisions of the statute for the correction of the evils complained of, can the suit be maintained in accordance with the principles by which courts are controlled in granting or refusing this form of relief?
1. So far as the relator’s prayer discloses the purpose of the suit, it is to prompt the superintendent of police to the discharge of a course of duty consisting of many acts, and continuing indefinitely. If we look to the peremptory writ awarded by the common pleas court, it requires him to interpret two sections of the statute. The judgment of a court, thus expressed, can add nothing to the obligation which the statute has already imposed upon the officer. So far as it affects his conscience or his responsibility to the public and his superiors, it can make no difference whether he disregards the provisions of the statute or a judicial admonition of such a character. The efficacy of a judgment touching the personal conduct of a litigant lies in the power of the court to coerce obedience. Such a judgment, which could not be thus enforced, would be a brutim fulmen, which could with propriety be forged only by a moot court. How could the court enforce a writ of the character here contemplated ? It might certainly determine whether the defendant had or not performed his duties according to its construction of the statutes, but how could it adjudge him in contempt for failing to execute them according to his own construction ? The court must itself determine all qustions of duty, and its writ must command the performance of an act so specifically defined as to foreclose all discretion in the officer to whom it is directed. It would not be profitable to quote the various forms in which courts have stated this doctrine, or to cite the numerous cases in which it has been held.. Conspicuous among them is State of Missouri *335 ex rel Wear v. Francis, 14 Western Reporter, 353, cited by the relator. This principle, everywhere recognized in the cases, is incorporated into our statute. Section 6741 of the Revised Statutes defines mandamus to be “ a writ * * * commanding the performance of an act which the law specially enjoins, etc.”
Looking beyond the relator’s prayer to the substance of his petition, the single act suggested which could be definitely commanded is the revocation of the oral order alleged to have been given by the defendant to the subordinate officers, directing them not to execute the previous order of the board. In all other respects the petition is condemned by the rule referred to.
2. The relator alleges that he is “ a citizen of and elector in said city of Columbus, county of Franklin, and state of Ohio.” Does this entitle him to make the relation ? Courts, not, perhaps, constituting a numerical majority, but proceeding, as it seems to us, upon the stronger reasons, have held that suits for the enforcement of purely public duties, must be prosecuted upon the relation of some public officer charged with the duty of seeing that the laws are executed; that the relation cannot be made by a private citizen unless he has some special interest in the performance of the duty whose enforcement is sought — unless the failure to perfom the duty casts upon him some burden or hardship not borne in common with him by the public at large. This position has been maintained by the courts of last resort in seven states. While a contrary doctrine has been held by perhaps a larger number of courts we do not feel called upon to resort to the authority or reasoning of the conflicting cases for the basis of our conclusion. While the courts were announcing conflicting conclusions concerning this question, and some of them were exercising legislative powers with reference to it, the legislature of this state in a provision which now forms a part of section 6744 of the Revised Statutes, enacted that “it (the writ of mandamus) may issue on the information of the party beneficially interested.” In its general scope the statute is but a codification of the law of mandamus as it was previously administered by the courts; but the effect of this provision *336 is to require the courts of this state to adhere to the rule already stated. Certainly, the information may be made by any party beneficially interested, and he may be one of a large class who are thus interested, but to say that it may be made by a private citizen having no particular interest is to deny all effect to this provision of the statute. None of the cases to the contrary were decided under such a statute. The statute of Kansas is identical with our own, and in determining its effect upon this question in Bobbett v. The State ex rel. Dresher, 10 Kan. 9, the supreme court of that state say : “But the statute authorizes the issue of the writ “ on the information of the party beneficially interested,” (Civil Code, 689.) This evidently refers to an interest peculiar and specific, and not one common and general. All citizens are in a certain sense interested in a proper discharge of their duties by public officers, but it is not such an interest as will enable each citizen to describe himself as ‘the party beneficially interested.’ The party beneficially interested in the discharge of a purely public duty, is the public. These considerations all point to the conclusion that a private citizen may not invoke the aid of mandamus to compel the- performance of a purely public duty.”
The Ohio cases in which electors have maintained suits to compel public officers to take the steps necessary to holding elections are not opposed to this view. While electors constitute a very large class, their right to vote at every election for which the law provides, does not belong to the public in general. It is, moreover, in each elector a pecuniary right, for it is well settled that the improper denial of the right is ground for the recovery of damages.
Nor do we think that this conclusion is made doubtful by the dictum to the contrary in State ex rel v. Henderson, 38 Ohio St. 644. The proposition there laid down did not receive the approval of the court; it was not necessary to a determination of the case, and, without consideration of the effect of the statute, it was copied from a text book where it is stated as the author’s conclusion drawn from cases that were not influenced by such a provision.
*337 3. A pertinent question is founded upon another clause of the same section of the statute: “The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the .law.” This clause enacts what the courts had uniformly declared the law to be. There have been differences as to the limitation and application of the-principle, but none as to the principle itself. Although mandamus is now a writ of right, it is an extraordinary writ not to be resorted to unless ordinary remedies are inadequate.
The object of the suit is to secure the performance of the duties which the law enjoins upon the superintendent of police in the respect indicated and the execution of the order-made by the police commissioners in that behalf. It is not in any sense material that such duties should be performed,, or order executed, by this particular superintendent. He is in all respects the subordinate of the commissioners, according-to the provisions of chapter five, division five of title twelve-of the Revised Statutes. Under the provisions of this chapter he receives his appointment from them, and he may be-removed by them on written charges and after he has an opportunity to be heard. These provisions even authorize the-relator to prefer charges against the defendant before the commissioners upon account of the derelictions complained of and make it their duty to deal with him if he be guilty. These remedies are not only adequate, but they are much more appropriate than that sought here. If a suit of this character can be maintained against one subordinate of the board, it may'against all'. Courts cannot with propriety usurp the duties of the commissioners with respect to unfaithful police officers, or become schools for the training of those who. are inefficient.
In Alger et al. v. Deaver, 138 Mass. 331, the Supreme Court of Massachusetts denied the writ in a case of this character,, and Judge Devens, speaking for the court, said: “ Provision, is made by section nine of the city charter, for a prompt removal at pleasure of these officers. It is an appropriate and efficient remedy. It is much more effective in enforcing discipline than the mandates of a court, and not attended with. *338 "the same embarrassment and difficulty. Even if, in order to -effect this, a concurrence is necessary between the mayor and ¡the aldermen, and if, from the position taken by the mayor it ■ is probable he will not concur, it is still the remedy which ¡the law has provided for such neglects of duty. It would be Hess embarrassing that it should fail in a single instance, ¡than that the court should undertake by mandamus to enforce ’the orders issued to the police force of a city.”
■ C. T. Clark,' for relator.
¡Chas. E. Burr and James Caren, contra.
Other objections are suggested by counsel as fatal to this petition, but we do not pass upon them, as those stated are sufficient. Nor, in view ot the conclusion reached as to the demurrer, is it necessary to pass upon the motion, supposing .it to be properly before us.
Demurrer sustained.