Hillsborough, }
May 6, 1902. }

### GOODELL *& a. v.* WOODBURY *& a.*

Where a city ordinance provides that the chief of police shall carry into execution all the laws of the state, a petition to the board of police commissioners for his removal from office does not furnish an adequate remedy for a willful and intentional refusal to prosecute certain offenders, and *mandamus* lies to compel a performance of his duty.

Such a petition is not to be quashed because of the non-joinder of the solicitor of the county as a party defendant ; nor can a non-performance of duty through the exercise of discretion be successfully urged in bar of the action.

It is not a valid objection to the maintenance of an action to compel a performance of duty by a prosecuting officer, that a compliance with the prayer of a petition for *mandamus* will require the co-operation of associates of the defendant who are not parties, or that it may to some extent demand a continuous course of action on his part.

A defect which might have been obviated by amendment, upon an objection made in the superior court, will not ordinarily be first considered upon a bill of exceptions.

PETITION, for *mandamus*. Transferred from the September term, 1901, of the superior court upon a bill of exceptions.

*Edwin G. Eastman,* attorney-general, and *James P. Tuttle,* solicitor, for the plaintiffs.

*Brown, Jones & Warren* and *George H. Bingham,* for the defendants.

BLODGETT, C. J. The petition is for a writ of *mandamus*, brought by a private citizen and the attorney-general against the police commissioners and the chief of police of the city of Manchester, requiring them to prosecute certain persons named in the petition for violations of chapter 112 of the Public Statutes relating to the sale of spirituous or intoxicating liquor, and especially of

section 16 of that chapter, which provides that "if any person, not being an agent as aforesaid, shall be a common seller of spirituous liquor, he shall be fined one hundred dollars and be imprisoned not more than six months."

At the close of all the evidence, and without exception, the trial court (*Peaslee*, J.) dismissed the petition as against the police commissioners "solely upon the ground that the duty of enforcing the provisions of chapter 112 of the Public Statutes is not imposed upon them"; but finding that the chief of police "has willfully and intentionally refused and that he now so refuses to enforce the provisions of said chapter against the offenders named in the petition, and that he permits each of them to violate said law," it was directed that the writ prayed for should issue against him in accordance with the prayer of the petition.

The particular questions for decision here appear in the defendant's bill of exceptions, and are raised by the motions to quash the petition and to dismiss it.

1. The first contention of the defendant is that *mandamus* does not lie against him because the plaintiffs have an adequate remedy at law by petition to the police commissioners for his removal from office. But this remedy is clearly not an adequate one. At most, it cannot enforce the duty in question and leaves the required act still unperformed. It is a fundamental rule that a remedy which does not compel specific performance is inadequate and constitutes no bar to a writ of *mandamus*. To supersede it, a party must not only have a specific, adequate, legal remedy, but one competent to afford relief upon the very subject-matter of his application, and which is equally speedy, convenient, complete, and beneficial. 19 Am. & Eng. Enc. Law (2d ed.) 745–747, and authorities cited; 2 Spel. Ex. Rel., s. 1375. It is quite too obvious for discussion that a petition to the commissioners for the defendant's removal from office is not such a remedy. It is the inadequacy and not the absence of other legal remedies, coupled with the danger of a failure of justice, which determines the propriety of the relief by *mandamus*. High Ex. Rem., s. 20; *La-Grange* v. *State Treasurer*, 24 Mich. 468, 477.

2. The motion to quash the petition because of the non-joinder of the solicitor of Hillsborough county as a defendant was properly denied. The fact that it is the duty of the solicitor to prosecute all offences against chapter 112 does not impair nor affect the obligation of the defendant to also enforce the provisions of that chapter. If the solicitor has neglected his duty, the defendant is not relieved from the legal consequences of his own neglect. "A *mandamus* will not be refused merely because the desired relief may be obtained by applying to another officer." 19 Am. & Eng.

Enc. Law (2d ed.) 747; *People* v. *Auditors*, 1 How. Pr. N. S. 224, 226. But, furthermore, the bill of exceptions discloses no evidence that the solicitor has neglected or refused to prosecute offences against chapter 112, or that he has in any way permitted their commission. So far as appears (and such also is the presumption), he has not violated his duty, and therefore should not be subjected to the imputation of wrongdoing which would attach to him as a defendant.

3. The defendant is not merely a peace officer — he is also a prosecuting officer. The Ordinances of Manchester (1892) provide that "he shall carry into execution within the city the laws of the state and all the ordinances of the city, and be vigilant to detect and bring to punishment all violators thereof. . . . He shall receive all complaints made to him of any violation of the laws, or of any ordinance of the city, and shall, in behalf of the city, cause all offenders against such laws and ordinances to be promptly prosecuted before the police court of the city of Manchester, and shall attend, on behalf of the city, at their trial." Ordinances, *c.* 10, *s.* 3. See, also, section 9 of Rules and Regulations of the Police Department, issued in 1895 by the police commissioners. The obligation thus imposed on him to enforce the laws of the state within the city is both peremptory and plainly defined, and having "willfully and intentionally" refused to perform it, he cannot be permitted to set up successfully in bar of the plaintiffs' petition the defence of non-performance through the exercise of the discretion with which, to some extent, he is necessarily clothed, but which, nevertheless, he cannot purposely and deliberately abuse, or exercise in an arbitrary or capricious manner, or so as to effect a failure of justice. 19 Am. & Eng. Enc. Law (2d ed.) 738, 739, and authorities there cited; 2 Spel. Ex. Rel., *ss.* 1384, 1433. On the contrary, when, as here, the facts show a gross abuse of discretion and a willful evasion of positive duty, scores of authorities hold that *mandamus* will lie (*Ib.; Wood* v. *Strother*, 76 Cal. 545, — 9 Am. St. Rep. 249; *State* v. *Public Schools*, 134 Mo. 296, 306, 308, — 56 Am. St. Rep. 503; Tap. Man. *14); and it would be a reproach upon the administration of justice if the law were otherwise.

4. It is further urged in the defendant's behalf that his ability to comply with the prayer of the petition depends upon the co-operative action of the other members of the police force, who are not before the court, and the commissioners against whom the proceedings have been dismissed, and therefore that the writ should not issue for want of necessary parties.

This contention is likewise unavailing. It is not apparent that it is not within the actual power of the defendant to perform the

act required of him; it is his duty to perform it in obedience to the law, irrespective of the commissioners; and there is nothing in the record tending to show, nor can it be presumed, that the other members of the police force are not entirely willing to afford him assistance if any is required. The object of *mandamus* is to compel the performance of official duty by the unwilling, not by the willing. The writ "will not be granted in anticipation of a defect of duty or error of conduct" (2 Spel. Ex. Rel., s. 1443); nor will the court "presume that officers not shown to be already derelict in their duty will refuse performance when the time for action arrives." *Ib.*, s. 1484. "A peremptory writ of *mandamus* runs only against the officer who is to do the particular official act commanded." *Farrell* v. *King*, 41 Conn. 448. It is inconsistent with the nature of the remedy to bring in as defendants parties who are only collaterally or incidentally interested in the subject of the controversy. *Boner* v. *Adams*, 65 N. C. 639; *State* v. *Smith*, 7 S. C. 275; *Hyatt* v. *Allen*, 54 Cal. 353. But if the defendant's associates upon the police force, of which he is the chief executive officer, should have been made defendants to the petition, the record does not show the taking of such an objection at the trial term, when, if necessary, it might have been obviated by amendment, and consequently it is now too late to take advantage of the alleged neglect, even if it exists.

5. The remaining contention is that the prayer of the petition calls for a continuous course of action, varying according to circumstances, consisting of many acts, and continuing indefinitely; whereas the proper function of *mandamus* is to compel the doing of a specific thing.

Conceding that *mandamus* may not be an appropriate remedy to compel a long series of continuous acts, there is no reason to apprehend that such acts will be necessary in the present case, but quite the contrary. Neither the petition nor the order of the court necessarily requires continuous action by the defendant. He is merely required, and in accordance with his legal duty, to enforce the provisions of section 16 against the specified parties, but in no particular way; in other words, "to put himself in motion," to substitute action for non-action, prohibition for permission, and to do a specific thing which experience has shown to be so efficacious against violators of that section that repeated prosecutions of them are rarely found to be necessary. If, however, it be further conceded that the order may, to some extent, require a continuous action on the defendant's part, its issuance is justified by numerous authorities akin in essence and analogous in principle. *Brunswick* v. *Bath*, 90 Me. 479; *State* v. *Railroad*, 29 Conn. 538; *People* v. *Collins*, 19 Wend. 56; *People* v. *Railroad*,

40 Hun 570; *People* v. *Railroad,* 37 How. Pr. 427; *Uniontown* v. *Commonwealth,* 34 Pa. St. 293; *State* v. *Walker,* 5 S. C. 263; *State* v. *Commissioners,* 80 Ind. 478; *Chicago etc. R'y* v. *People,* 56 Ill. 365, 366; *People* v. *Railroad,* 176 Ill. 512; *Rice* v. *Shay,* 43 Mich. 380; *State* v. *Saxton,* 11 Wis. 27.

*Exceptions overruled.*

All concurred.