In the Matter of Alexander M. GOLD-BERG, Petitioner,

v.

Hon. Julius J. HOFFMAN, Hon. Herbert Brownell, Jr., Hon. H. Brian Holland and Hon. Robert Tieken, Respondents.

No. 11469.

United States Court of Appeals Seventh Circuit.

Aug. 22, 1955.

Joseph A. Struett, Chicago, Ill., for petitioner.

Herbert M. Brownell, Jr., U. S. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Robert Tieken, U. S. Atty., Chicago, Ill. (John Peter Lulinski and Mitchell S. Rieger, Asst. U. S. Attys., Chicago, Ill., of counsel), for respondents.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

LINDLEY, Circuit Judge.

The court having granted leave to file, this cause is before us on Goldberg's original petition for a writ of mandamus or other appropriate relief. The respondents are the Honorable Julius J. Hoffman, Judge of the United States District Court for the Northern District of Illinois, Honorable Herbert Brownell, Jr., Attorney General of the United States; Honorable H. Brian Holland, Assistant Attorney General of the United States, and Honorable Robert Tieken, United States Attorney for the Northern District of Illinois.

Goldberg's prayer is that respondents be enjoined from proceeding further in criminal cause number 53–CR–158 now pending against petitioner before Judge Hoffman in the district court, "except to take such steps as this court may deem proper in the light of the facts herein to relieve petitioner of said indictment in said cause * * *." We entered a rule against each respondent to show cause why a writ should not issue as prayed, and an order staying further proceedings in the criminal cause in the court below pending disposition of this petition.

The issue now before us is whether the several motions filed by the administrative respondents to dismiss the petition should be allowed. Since the various motions rely upon different grounds for dismissal, that of respondent Tieken will be considered separately from those filed by respondents Brownell and Holland. The basis for each will be stated coincidently with our discussion of the merits of the motion.

Respondent Tieken moves to dismiss on the ground that the petition fails to state a claim on which relief can be granted against him, inasmuch as the prosecution of petitioner by him is merely the exercise of the discretion vested in him as United States Attorney, which is not subject to judicial review. We think the motion should be allowed.

Our adjudication of the issue raised must be guided by considerations

inherent in the well-settled principle of the separation of the powers vested in the three branches of government, which is the keynote of our constitutional mandate. We must bear in mind that the United States Attorney is an officer of the executive branch responsible primarily to the President, and, through him, to the electorate, and that the remedy sought against Tieken is a broad one, to-wit, a direct mandate from this court compelling him to take, or refrain from taking, a specific course of action with respect to the indictment pending against petitioner. More specifically, we are asked to review the exercise of administrative discretion, overrule the decision of the executive and direct the course which that discretion must take. We think such judicial control of an executive officer is beyond the power of this court.

The pattern for the relationship between the judicial and executive branches of government in this respect under our Constitution was drawn by Mr. Chief Justice Marshall when he said, in Marbury v. Madison, 1 Cranch 137, at pages 170–171, 2 L.Ed. 60:

> "It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done, that the propriety or impropriety of issuing a *mandamus* is to be determined. Where the head of a department acts in a case in which executive discretion is to be exercised * * * it is again repeated that any application to a court to control, in any respect, his conduct would be rejected without hesitation. But where he is directed by law to do a certain act, affecting the absolute rights of individuals, in the performance of which he is not placed under the particular direction of the president * * * it is not perceived, on what ground the courts of the country are further excused from the duty of giving judgment that right be done to an injured individual * * *."

Thus the courts may compel an executive officer to perform an express duty imposed by constitutional statute, but they have no power to control his conduct in matters involving his discretion. We have found no case which has relaxed this limitation on the use of the remedy of mandamus, and we think there can be no doubt on the facts before us that our action must be governed by the principle announced in Marbury v. Madison, supra, and applied without reservation by the courts since the early day of that decision.

The facts, as averred in the petition, are these. Sometime prior to 1950 criminal proceedings were contemplated against petitioner Goldberg on the theory that he had evaded a part of his individual income tax for the taxable year 1946. Under the then "Health Policy" of the Bureau of Internal Revenue the cause was administratively closed on the finding that petitioner's health was such that criminal prosecution would endanger his life. Criminal prosecution was not recommended, therefore, and the case was returned to the civil division of the Bureau. No settlement was ever reached.

On December 11, 1951, the Bureau publicly announced its abandonment of the Health Policy. Petitioner was advised on March 21, 1952, that the Bureau was again considering prosecution. Accordingly, the case was referred to the Department of Justice. On March 10, 1953, an indictment was returned charging petitioner with attempting to evade the said income tax. On May 22, 1953, the case was assigned to Judge Hoffman. The cause was called for trial several times prior to January, 1955, but was, each time, continued because of petitioner's physical condition, as reported by examining physicians.

The cause was set for trial on January 17, 1955. At that time, on the basis of medical reports that petitioner was suffering from a serious cardiac condition and severe hypertension, petitioner moved for further continuance. The mo-

tion was denied, and petitioner was placed on trial under the indictment at 2:00 P.M. of that day. At 3:30 of the same afternoon, petitioner's physical condition was such that he was unable to continue his presence at the trial. On the same evening he suffered a heart attack and was admitted to a hospital where he remained for several weeks thereafter. On January 21, 1955, a mistrial was declared by Judge Hoffman.

The cause was again called for trial on April 18, 1955, and further continuance denied. Petitioner was in attendance at the trial until the noon recess on April 20 at which time he suffered another heart attack and was hospitalized. Judge Hoffman refused to declare a mistrial but continued the trial to April 25. On the latter date, when the cause was again called, the Judge concluded, on examination of hospital records, that petitioner, though still in the hospital, had voluntarily absented himself from the trial. He permitted the trial to continue under the provisions of Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and the jury returned a verdict of guilty. Prior to the date assigned for sentence pursuant to the verdict, petitioner filed his motion in this court for relief and a stay order was entered as aforesaid.

■ As to the United States Attorney's insistence on trying a man when such proceedings might endanger his life, there can no longer be any doubt that this prerogative is within the large discretion which is vested in him to control the initiation of and the course of criminal prosecution. See e. g., United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333; United States v. One 1940 Oldsmobile Sedan, 7 Cir., 167 F.2d 404; Howell v. Brown, D.C., 85 F.Supp. 537; United States v. Brokaw, D.C., 60 F.Supp. 100. Indeed, petitioner concedes that he is asking us to review an act done in the exercise of that discretion, but contends that his prosecution represents such an abuse of discretion as to render respondent's act justiciable. Our attention is directed to certain language taken from context in the opinion in People ex rel. Wall v. Graber, 394 Ill. 362, 68 N.E.2d 750, in which it is stated that a willful abuse of discretion by the Attorney General of the United States may render its exercise justiciable. The quoted passage is dictum, as we read the decision. Furthermore, with all due deference to the Supreme Court of Illinois, the dictum does not accord with the controlling weight of authority dating back to Marbury v. Madison, supra.

Whether Tieken's refusal to dismiss this indictment, despite his knowledge of the condition of petitioner's health, and his insistence on prosecution amounted, as petitioner suggests, to an abuse of discretion, we are not empowered to decide on this petition. Discretion is always subject to abuse, but the framers of our Constitution have indicated their conviction that the danger of abuse by the executive is a lesser evil than to render the acts left to executive control subject to judicial encroachment.

■ The argument that we are asked to review an exercise of respondent's "non-political justiciable discretion" is one based on consideration of morality, not on legal principles. Mandamus against an executive official is an available tool only to protect vested legal rights and to enforce fixed legal duties. The hardships of a particular case may aggravate deliberation, but it cannot batter down established principles of law. Questions of morality, except insofar as they coincide with legal rights and plain duties, must be left for decision to the Omnipotent Jurist.

The quoted language from State of Virginia v. Rives, 100 U.S. 313, 323, 25 L.Ed. 667, treats of mandamus to prevent abuse of discretion by the lower courts and is inapplicable to the question before us. See also Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 220 F.2d 299.

■ Respondents Brownell and Holland move to dismiss the petition for

want of jurisdiction. In support they point out that the official residence of each is at Washington, District of Columbia, Panatech Corp. v. Carl Zeiss, Inc., D.C., 110 F.Supp. 664, 666; Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, outside the territorial limits of the Seventh Circuit. The contention is well taken and the motions must be allowed.

The historic limitation of the jurisdiction of the various federal courts to the Circuit or District in which they sit is too well established to require restatement. Georgia v. Pennsylvania R. Co., 324 U.S. 439, 467, 65 S.Ct. 716, 89 L.Ed. 1051; Edgerly v. Kennelly, 7 Cir., 215 F.2d 420; Reconstruction Finance Corp. v. Maley, 7 Cir., 125 F.2d 131, 137. We have recently rejected as untenable the theory that the All Writs Act, 28 U.S.C.A. § 1651, may enlarge the territorial jurisdiction of the federal courts. Edgerly v. Kennelly, supra, 215 F.2d at page 421–422. See also Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

█ Nor can jurisdiction be created by reasons of the broad powers of these administrative officers over criminal litigation throughout the United States. See 5 U.S.C.A. § 291; 5 U.S.C.A. § 309; 5 U.S.C.A. § 310; 28 U.S.C.A. § 507(a, b). The fact that the Attorney General, as chief law enforcement officer of the United States, is vested with complete control over all criminal prosecutions through the United States Attorneys and other subordinates, and the fact that he may supersede any subordinate in any litigation in any court cannot render him subject to the jurisdiction of every federal court, no matter where it may sit. It is not difficult to picture the chaos which would reign if the Attorney General were subject to be summoned at the whim of every individual accused of crime in every criminal proceeding. And, as a practical matter, issuance of process by this court is limited to the territorial limits of the Seventh Circuit.

What has been said with respect to the Attorney General is equally applicable to respondent Holland.

For the foregoing reasons, the several motions of the administrative respondents must be allowed and the petition, as applicable to them, is dismissed.