Alexander M. GOLDBERG, Petitioner,

v.

Honorable Julius J. HOFFMAN, United States District Judge for the Northern District of Illinois, Eastern Division, Respondent.

No. 11469.

United States Court of Appeals
Seventh Circuit.

Oct. 13, 1955.

Rehearing Denied Oct. 20, 1955.

Joseph A. Struett, Chicago, Ill., for petitioner.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In our opinion of August 22, 1955, 225 F.2d 463, we disposed of the issues raised by this petition for mandamus insofar as it applied to the Attorney-General of the United States, the Assistant Attorney-General and the United States Attorney, on motions to dismiss, which we granted. No such motion having been made in behalf of Judge Hoffman, against whom also the petition runs, the cause remained for disposition as to him upon hearing.

Many of the facts related by petitioner and relied upon by him in support of his prayer for relief appear in our earlier opinion and it is unnecessary to repeat them. Furthermore, it is obvious that, insofar as the petition seeks a remedial order as to events occurring during the progress of the prosecution up to and including the trial and the verdict of guilty on April 25, 1955, this court is without power, on an application for writ of mandamus, to review alleged errors on the part of the trial judge, for the reason that an appeal in due course from the final judgment will adequately present to us the question of whether error has intervened. This follows as a matter of law, because a petition for a writ of mandamus is not available for use as an appeal. It is an extraordinary remedy to be granted only in extraordinary cases. As the Supreme Court said, in Ex parte Fahey, 332 U.S. 258, at page 260, 67 S.Ct. 1558, at page 1559, 91

**682**

L.Ed. 2041: "These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinary remedies, they are reserved for really extraordinary causes." Consequently, the only proper prayer for relief in the present petition lies in the averment that defendant's physical condition is such that his life will be gravely in danger if he is sentenced in pursuance of the verdict of guilty. It was to prevent the entry of such a judgment that petitioner, defendant in the criminal case below, filed with us his application for extraordinary relief. It is averred in this respect that the district court had overruled the motion for a new trial and had set May 25, 1955 as the date for entry of final judgment. Before that day arrived petitioner sought a writ in this court.

■■ It is clear, then, that the specific question confronting us is whether we should issue a writ of extraordinary character to prevent the entry of a final judgment, in view of the fact that it appears undisputed from the sworn averments of the petition, not contradicted, that such action is likely to bring on another heart attack, which may be fatal to petitioner. The intrinsic weakness in petitioner's case lies in the fact, that, after his motion for new trial had been overruled, he filed no application in the trial court for postponement of sentence and made no showing by affidavits of doctors or of other persons, in support of a postponement or continuance but came to this court immediately for a writ of mandamus. Such a writ, says the Supreme Court in State of Virginia v. Rives, 100 U.S. 313, 323, 25 L.Ed. 667, "does not lie to control judicial discretion, except when that discretion has been abused." Here the discretion has not been exercised. There has been no appeal to the trial court to postpone what is said will be dangerous to plaintiff. In other words, we are asked, in advance, to mandamus the trial judge to desist from exercising his judicial functions.

This we cannot do. We cannot indulge the violent presumption that, sometime in the future, he will abuse the discretion vested in him; we can act only when and if it is shown that he has abused it. In the meantime we must assume, until the contrary occurs, that he will, in the proper discharge of the functions of his office, exercise a wise discretion in what seems to be, from the record before us, a highly precarious situation for the defendant. Until it is shown that such discretion has been abused, we are without power to act.

The stay heretofore entered is vacated and the petition is dismissed at the cost of petitioner.