**Diana Kearny POWELL, Appellant,**

v.

**Nicholas KATZENBACH, United States Attorney General, Appellee.**

**No. 19285.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1965.

Decided Dec. 2, 1965.

Certiorari Denied April 18, 1966.
See 86 S.Ct. 1341.

Miss Diana Kearny Powell, appellant pro se.

Mr. John C. Eldridge, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, Mr. David C. Acheson, U. S. Atty., at the time the brief was filed, and Mr. Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, submitted on the brief for appellee.

Before BAZELON, Chief Judge, WASHINGTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

PER CURIAM:

Appellant brought an action in the nature of mandamus against the Attorney General of the United States in order to force prosecution of a national bank and certain persons who appellant alleges were parties to a conspiracy in violation of various sections of Title 18 of the United States Code. Upon motion of appellee, the District Court struck two paragraphs of the complaint under Rule 12(f) of the Federal Rules of Civil Procedure, and dismissed with prejudice the remainder of the complaint for failure to state a cause of action. This appeal followed.

It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion. E. g., Confiscation Cases, 74

U.S. (7 Wall.) 454, 19 L.Ed. 196 (1868); Moses v. Katzenbach, 119 U.S.App.D.C. 352, 342 F.2d 931 (1965), affirming sub nom. Moses v. Kennedy, 219 F.Supp. 762 (D.D.C.1963); Goldberg v. Hoffman, 225 F.2d 463 (7th Cir. 1955); Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961); United States v. Brokaw, 60 F.Supp. 100 (S.D.Ill.1945). We will assume, without deciding, that where Congress has withdrawn all discretion from the prosecutor by special legislation, a court might be empowered to force prosecutions in some circumstances. Cf., e. g., Moses v. Kennedy, 219 F.Supp. at 765; Note, 74 Yale L.J. 1297 (1965). Appellant cites 68 Stat. 998 (1954), 5 U.S.C. § 311a (1958), as such a statute. However, the language of that provision and its legislative histor yfail to disclose a congressional intent to alter the traditional scope of the prosecutor's discretion. The complaint in its entirety fails to state a cause of action, and we thus need not reach the issue as to whether the striking of two of its paragraphs was warranted. Accordingly, the judgment of the District Court is

Affirmed.