**In the Matter of the Testimony of Phillip Kitzer, Sr., Before the United States Grand Jury—65 GJ 2072.**

**Appeal of Phillip KITZER, Sr.**
**No. 15650.**

United States Court of Appeals
Seventh Circuit.
Nov. 18, 1966.

Doris A. Coonrod, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Nicholas M. Karzen, Chicago, Ill., for appellee, John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

**678**

### PER CURIAM.

Petitioner Phillip Kitzer, Sr., contends that he was denied due process in violation of the Fifth Amendment of the Constitution because the district court denied him a hearing before entering judgment dismissing his sworn petition. We have considered the briefs and the record in the light of the oral arguments made in this court, and we affirm the judgment.

The substance of the petition is that Kitzer gave certain testimony to the Grand Jury in the Northern District of Illinois, Eastern Division, on the promise of the Assistant United States Attorney that he would not be named in any indictment based upon that testimony; that notwithstanding the promise, the testimony given was transmitted without authority of a court order to a Grand Jury in Minnesota in violation of Fed.R. Crim.P. 6(e); that the subsequent order of the District Court for the Northern District of Illinois authorizing transmission of that testimony to the Minnesota Grand Jury was entered without knowledge of the broken promise to Kitzer and without knowledge that the testimony had already been sent to Minnesota; and that by virtue of the "tainted testimony" petitioner was indicted by the Minnesota Grand Jury following the breach of the promise of the Assistant United States Attorney.

The relief prayed was an order directing the Attorney General of the United States to move the Minnesota District Court to dismiss the indictment or, alternatively, for an order restraining further proceedings in the prosecution of the Minnesota indictment or an order suppressing as evidence in that prosecution the disclosures made by petitioner to the Grand Jury in the Northern District of Illinois.

We think it is clear that the district court was without jurisdiction to control discretionary actions of the Attorney General or to grant the relief requested with respect to him. Goldberg v. Hoffman, 225 F.2d 463 (7th Cir. 1955).

The request for an order suppressing the "tainted" evidence pursuant to Fed.R.Crim.P. 41(e) contained no allegations which had not been concluded by the Minnesota court's denial of petitioner's motion to dismiss the Minnesota indictment. No authority has been cited to support Kitzer's claim to a hearing on his 41(e) motion when a previous motion on the same grounds was denied. We see no merit in this contention and hold that the district court did not err in denying the 41(e) motion without a hearing.

Affirmed.