George Roger SIEGEL, individually on behalf of all the People of the United States, Appellant,

v.

UNITED STATES SECRET SERVICE UNIFORM DIVISION, et al., Appellees.

No. 05–5042.

United States Court of Appeals, District of Columbia Circuit.

July 28, 2005.

Rehearing En Banc Denied Nov. 21, 2005.

George Roger Siegel, Washington, DC, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GINSBURG, Chief Judge, and RANDOLPH and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplement thereto filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's orders filed November 19, 2004 and January 7, 2005 be affirmed. The district court properly dismissed the complaint because the prosecutorial discretion of the Attorney General may not be controlled through mandamus. *See Powell v. Katzenbach,* 359 F.2d 234, 234 (D.C.Cir. 1965). Furthermore, a writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations."

*Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Mandamus does not lie unless the petitioner's right to relief is "clear and indisputable," and there is "no other adequate means" by which the petitioner may attain the relief he seeks. *See In re Sealed Case,* 151 F.3d 1059, 1063 (D.C.Cir.1998). Appellant has failed to demonstrate his entitlement to the extraordinary writ. *See Cobell v. Norton,* 334 F.3d 1128, 1137 (D.C.Cir.2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.