**Alfred Wayne LEE, Appellant**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Appellees.**

No. 09–5098.

United States Court of Appeals, District of Columbia Circuit.

Jan. 20, 2010.

Rehearing En Banc Denied March 30, 2010.

Alfred Wayne Lee, Miami, FL, pro se.

Warden (Miami FCI), Miami, FL, for Appellant.

BEFORE: SENTELLE, Chief Judge, and BROWN and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 4, 2009 be affirmed. The district court properly dismissed appellant's petition for a writ of mandamus, as appellant has not shown a "clear and indisputable" right to mandamus relief. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). The U.S. Attorney General has absolute discretion to decide whether to conduct an investigation or prosecute a case. *United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *see also Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C.Cir.1965) (per curiam) (the prosecutorial discretion of the Attorney General may not be controlled through mandamus). Moreover, appellant has not demonstrated that the appellees owed him a duty to investigate his allegations or to forward them to the Attorney General.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.