George V. FULLER, Appellant

v.

UNKNOWN OFFICIALS FROM THE JUSTICE DEPARTMENT CRIME DIVISION, Appellee.

No. 10–5112.

United States Court of Appeals, District of Columbia Circuit.

July 22, 2010.

George V. Fuller, Washington, DC, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: SENTELLE, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order filed March 16, 2010, be affirmed. The district court properly denied appellant's petition for a writ of mandamus and dismissed the action, because appellant has not shown a "clear and indisputable right" to mandamus relief. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). The Executive Branch has absolute discretion to de-

**4**

cide whether to prosecute a case. *United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *see also Powell v. Katzenbach,* 359 F.2d 234, 234 (D.C.Cir.1965) (the prosecutorial discretion of the Attorney General may not be controlled through mandamus). Moreover, appellant has not demonstrated that the appellees owed him a duty to prosecute particular individuals. To the extent appellant attempted to raise causes of actions based on criminal statutes, there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001. *See Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (refus-

ing to infer a private right of action from a "bare criminal statute"); *see also McDonnell Douglas Corp. v. Widnall,* 57 F.3d 1162, 1164 (D.C.Cir.1995).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.