# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICK S. McPHERRON, | ) | |
| Plaintiff, | ) | |
| v. | ) Civil Action No. 11 0576 | |
| MARK J. KAPPELHOFF, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff brings this action against the United States Department of Justice, Compl. at 1, alleging that it "allows immunity for criminal behavior from government officials without precedent in the U.S. Constitution or Amendments," *id.* ¶ 17. It appears that plaintiff's cause of action arises from the Justice Department's refusal to prosecute "public officials for obstructing justice." *Id.* ¶ 13. Plaintiff demands "punitive damages of $5 million dollars." *Id.* ¶ 17.

"[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966). The Court has no power to compel the Attorney General to prosecute a particular individual or to investigate a particular matter. *See id.* ("Mandamus will not lie to control the exercise of this discretion."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and

absolute discretion to decide whether to prosecute a case").

The Court will dismiss this action for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
United States District Judge

DATE: March 13, 2011