**Irving James BERRY, Appellant**

v.

**FEDERAL BUREAU OF INVESTIGATION, Appellee.**

**No. 11–5333.**

United States Court of Appeals, District of Columbia Circuit.

March 16, 2012.

Irving James Berry, Jefferson City, MO, pro se.

Warden, Jefferson City, MO, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: SENTELLE, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 7, 2011, 2011 WL 5599964, be affirmed. The district court properly dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1) appellant's petition for a writ of mandamus. Appellant does not have a clear and indisputable right to relief, *see Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), because the Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case. *See United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *see also Powell v. Katzenbach,* 359 F.2d 234 (1965) (the prosecutorial discretion of the Attorney General may not be controlled through mandamus).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.