**Chase Carmen HUNTER, Appellant,**

v.

**Barack Hussein OBAMA, In His Official Capacity As President Of The United States, Appellee.**

**Nos. 14–5149, 14–5167.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 26, 2014.

Chase Carmen Hunter, Fredericksburg, VA, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON, SRINIVASAN, and MILLETT, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and on the brief filed by appellant, *see* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), the motion to appoint counsel, and the motion to supplement the record, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed April 23, 2014, and June 30, 2014, be affirmed. This court may affirm the district court's dismissal of the appellant's complaint on any ground that supports the judgment. *See In re: Swine Flu Immunization Prod. Liab. Litig.,* 880 F.2d 1439, 1444 (D.C.Cir.1989). Appellant's complaint against the President sought injunctive and declaratory relief, seemingly to compel the enforcement of various laws. Her complaint cited numerous statutes, including the Mandamus Act, 28 U.S.C. § 1361. But the remedy of mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no

other adequate remedy available to plaintiff." *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002) (quotations and citations omitted). Appellant has not shown a "clear and indisputable right" to mandamus relief. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988); *see also United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (holding the Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case); *Powell v. Katzenbach,* 359 F.2d 234, 234–35 (D.C.Cir.1965) (per curiam) (the prosecutorial discretion of the Attorney General may not be controlled through mandamus). To the extent appellant appeals from the district court's denial of her request to file electronically, she has not shown any prejudice from that denial. It is

**FURTHER ORDERED** that the motion to supplement the record be dismissed as moot. The documents included in the motion to supplement do not affect the court's disposition of these appeals.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.