**ELD-005**                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2590
_____

IN RE:  FREDERICK H. BANKS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 12, 2017

Before: JORDAN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

Frederick Banks has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

In August 2015, Banks was charged in the District Court for the Western District

of Pennsylvania with one count of interstate stalking.  In January 2016, he was charged

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

by a superseding indictment with aggravated identity theft, making false statements, and wire fraud. The criminal proceedings have been delayed while Banks's competency is being evaluated. In his mandamus petition, Banks requests that we (1) order the U.S. Attorney to conduct a criminal investigation; (2) remove defense counsel, the Assistant United States Attorneys, and the District Judge from his criminal case and from public office; (3) discharge him from confinement; and (4) award damages of $855,000,000.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, Banks must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

With respect to Banks's request that we order the U.S. Attorney to conduct an investigation, he has no clear and indisputable right to such relief. An individual has no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

Banks argues that the District Judge and attorneys involved in his criminal case should be removed because they have delayed the proceedings. These allegations do not create a clear and indisputable right to have the attorneys and District Judge removed from his criminal case or from public office. See 28 U.S.C. § 455 (judge must disqualify

himself if his impartiality might reasonably be questioned); <u>United States v. Whitaker</u>, 268 F.3d 185, 193-94 (3d Cir. 2001) (United States' right to counsel of choice must be balanced with proper considerations of judicial administration). Moreover, as for defense counsel, Banks has the alternate remedy of filing a motion to have defense counsel removed. In fact, he filed such a motion, which the District Court denied without prejudice to refiling once the competency issue is resolved.

With respect to Banks's request for release, he has the alternate remedy of filing a motion for release in his criminal case. In fact, a motion for release on bond was filed and argued by Banks's defense counsel and is pending before the District Court. As to Banks's request for money damages, he has the alternate remedy of filing a civil action after complying with the filing restrictions the District Court has placed on him and any other procedural prerequisites. <u>See</u> Order, <u>Banks v. Pope Francis, et al.</u>, Civ. No. 15-1400, (W.D. Pa. Dec. 8, 2015); <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly wrongful imprisonment, plaintiff must demonstrate that the confinement has been found unlawful).

Banks also requests that we order the District Court to "get the case moving." As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. <u>See</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. <u>See</u> <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). While Banks's frustration at the delay in the competency proceedings may be

3

understandable, we are confident that the District Court will act promptly in determining whether Banks is competent to stand trial.

On the issue of delay, the petition is denied without prejudice to refiling if the District Court does not take any further action on the competency issue within sixty days. With respect to Banks's other requests, the petition is denied.