BLD-023                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2544
_____

IN RE: FREDERICK H. BANKS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 2-15-cr-00168-001)
_____

Submitted Pursuant to Fed. R. App. Pro. 21 on
October 26, 2017

Before:  AMBRO, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2017)
_____

OPINION*
_____

PER CURIAM

Petitioner, Frederick Banks, a federal prisoner, filed a petition for writ of

mandamus pursuant to 28 U.S.C. § 1651.  For the following reasons, we will dismiss the

petition for lack of jurisdiction.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In his petition, Banks maintains that he received FBI Interview Reports as part of discovery in his criminal case, see USA v. Banks, 15-cr-00168. He alleges that certain information in these reports, including his statements to FBI agents, has been falsified. He seeks a writ of mandamus against the "Executive Branch of government" directing the Attorney General to conduct an investigation into his allegations.

We lack jurisdiction to grant the relief requested. The All Writs Act allows the issuance of writs "necessary or appropriate in aid of" our jurisdiction. 28 U.S.C. § 1651. We are bound by the extent of our "subject-matter jurisdiction over the case or controversy." United States v. Denedo, 556 U.S. 904, 911 (2009). As Banks asks, essentially, that we "compel an officer or employee of the United States or [an] agency thereof to perform a duty" he alleges is owed to him, original jurisdiction is vested in the District Court, not with us. See 28 U.S.C. § 1361; see also Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (where "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling"). We decline to transfer the matter to the District Court, however, as mandamus relief does not lie to control the exercise of an Attorney's General's discretion. See Powell v. Katzenbach, 359 F.2d 234, 235 (D.C. Cir. 1965) (noting that the prosecutorial discretion of the Attorney General may not be controlled through mandamus); accord Peek v. Mitchell, 419 F.2d 575, 577 (6th Cir. 1970); see also United States v. Nixon, 418 U.S. 683, 693 (1974) (holding that the Executive Branch has absolute discretion whether to investigate or prosecute a case).

2

Accordingly we will dismiss the petition for writ of mandamus.[1]

---

[1] Banks' motion to be relieved from filing a prison account statement in support of his application to proceed in forma pauperis (IFP) is granted. The Court will rely on his prison account statement in C.A. No. 17-2590, because the petition in that case was filed contemporaneously with this petition. Banks' IFP application is therefore deemed complete and is hereby granted. We emphasize, however, that Banks' request to be relieved from filing a prison account statement is granted for the purpose of this mandamus petition only; all future IFP applications must comply with L.A.R. 24.1, and include a certified prison account statement.