**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3754
_____

IN RE:  FREDERICK H. BANKS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 4, 2018
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: February 9, 2018)
_____

OPINION*
_____

PER CURIAM

Frederick Banks has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

In August 2015, Banks was charged in the District Court for the Western District

of Pennsylvania with one count of interstate stalking.  In January 2016, he was charged

by a superseding indictment with aggravated identity theft, making false statements, and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

wire fraud. The criminal proceedings were delayed while Banks's competency was evaluated. Banks filed a prior mandamus petition requesting, inter alia, that we order the District Court to "get the case moving." On October 19, 2017, we denied the petition without prejudice to refiling if the District Court took no further action in the competency proceedings within sixty days. On December 12, 2017, the District Court determined that Banks is competent to stand trial. Finding that Banks was a clear and present danger to the community, the District Court denied his request for bond. In the instant mandamus petition, Banks requests that we order the District Court to decide the competency issue. He also requests that we order him released.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, Banks must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. See In Re Brisco, 448 F.3d 201, 212 (3d Cir. 2006).

With respect to Banks's request for release, there is the alternative remedy of appealing the denial of his request for bond. See 18 U.S.C. § 3145(c). Moreover, he has not shown a clear and indisputable right to such relief. His request that we order the District Court to determine the competency issue is moot, as the District Court recently made its determination on that issue. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir.

2

1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.").

For the above reasons, we will deny the petition for mandamus.