BLD-003                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3131
_____

IN RE:  FREDERICK H. BANKS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 3, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: November 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

Frederick H. Banks is awaiting trial in the Western District of Pennsylvania on

federal charges of interstate stalking, aggravated identity theft, making false statements,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and wire fraud. Banks, despite being represented by counsel, has filed hundreds of motions pro se in that proceeding. He also has instituted over 30 related proceedings in this Court. Many of them have been mandamus petitions in which he sought various forms of relief, including release from pretrial confinement, disqualification of the District Judge, and orders directing the District Court's Clerk to take various actions regarding various filings. We have denied those requests.[1]

At issue here is another of Banks's mandamus petitions. This time, Banks seeks orders: (1) directing the District Court Clerk to provide him with a copy of the docket instead of referring him to his counsel; (2) directing the Department of Justice to "resolve" the cases of Claudia Patricia Gómez, who was shot at the southern border, and of an Iranian woman who immolated herself following her arrest at a soccer match; (3) directing a United States Attorney to seek an indictment against a prison guard who Banks claims injured his hand; (4) directing a United States Probation Officer to meet with him and correct alleged errors in his presentence report; (5) directing his immediate

[1] See, e.g., In re Banks, 775 F. App'x 80 (3d Cir. 2019) (C.A. No. 19-1726); In re Banks, 774 F. App'x 78 (3d Cir. 2019) (C.A. No. 18-3317); In re Banks,771 F. App'x 167 (3d Cir. 2019) (C.A. No. 19-1922); In re Banks, 767 F. App'x 274 (3d Cir. 2019) (C.A. No. 18-1014); In re Banks, 767 F. App'x 370 (3d Cir. 2019) (C.A. No. 18-3295); In re Banks, 764 F. App'x 260 (3d Cir. 2019) (C.A. No. 19-1263); In re Banks, 756 F. App'x 207 (3d Cir. 2019) (C.A. No. 18-3687); In re Banks, 756 F. App'x 206 (3d Cir. 2019) (C.A. No. 18-3513); In re Banks, 714 F. App'x 197 (3d Cir. 2018) (C.A. No. 18-1129); In re Banks, 710 F. App'x 572 (3d Cir. 2018) (C.A. No. 17-3754); In re Banks, 699 F. App'x 142 (3d Cir. 2017) (C.A. No. 17-2544); In re Banks, 699 F. App'x 132 (3d Cir. 2017) (C.A. No. 17-2590).

release from pretrial confinement; (6) directing the District Judge to recuse himself; and (7) directing the District Court's Clerk to stop "obstructing" his filings.

We will deny Banks's petition for reasons that we repeatedly have explained in denying his numerous other requests for the same or similar relief. Among other things, we repeatedly have advised Banks that he did not show the "clear and indisputable" right to relief required for mandamus. Banks, 775 F.3d at 81 (citing Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam)). The same is true here. To the extent that Banks's filings can be construed to seek other forms of relief, they are denied as well.