# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5287**                                   **September Term, 2023**

**1:23-cv-01459-UNA**

**Filed On:** April 16, 2024

May Chen,

      Appellant

    v.

Equal Employment Opportunity Commission,
et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to waive fees, which the court construes as a motion for leave to proceed in forma pauperis, it is

**ORDERED** that the motion to proceed in forma pauperis be dismissed as moot because appellant's IFP status in the district court carries over to this appeal. See Fed. R. App. P. 24(a)(3). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed October 3, 2023 be affirmed. The district court did not abuse its discretion in dismissing the complaint without prejudice for failure to comply with the pleading standards of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a); Ciralsky v. CIA, 355 F.3d 661, 669-71 (D.C. Cir. 2004). Additionally, the district court correctly concluded that it lacks authority to compel prosecution of a criminal case. See United States v. Nixon, 418 U.S. 683, 693-94 (1974); Powell v. Katzenbach, 359 F.2d 234, 234-35 (D.C. Cir. 1965).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-5287**                                                    **September Term, 2023**


Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## <u>Per Curiam</u>


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk