# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5167**                                   **September Term, 2025**

**1:24-cv-03650-UNA**

**Filed On:** March 18, 2026

Oladayo Ade Oladokun,

      Appellant

    v.

United States Department of Justice,

      Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 26, 2025 order denying appellant's petition for writ of mandamus, and the district court's June 17, 2025 order denying appellant's motion for reconsideration, be affirmed. The district court correctly concluded that a government agency's decision to initiate an investigation is a discretionary one, and appellant has not shown that mandamus is appropriate to compel such a decision. See Powell v. Katzenbach, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (holding that "[m]andamus will not lie to control the exercise of" prosecutorial discretion); Heckler v. Chaney, 470 U.S. 821, 831-32, 838 (1985) (stating that the government's decision whether or not to open an investigation or enforcement

action is generally not subject to judicial review).  Nor has appellant shown that the district court erred in concluding that any amendment to his mandamus petition would have been futile.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk